Maxmilian Moss, S.
This is an application for limited letters of temporary administration. Decedent executed a will in Ireland which was witnessed by the manager for the United States Lines in Ireland and the American Consul in Cork. Beside a small bequest to a friend, the entire residuary is bequeathed to Geraldine Fanning, described as decedent’s granddaughter. The will does not name an executor. Geraldine Fanning petitions for probate of the will and for letters of administration c. t. a. She makes this motion for limited letters of temporary administration so that she can commence an action against the United States Lines before the Statute of Limitations runs out. This motion is opposed by Agnes Schmidt, one of two sisters who are distributees of decedent, on the ground that the wrongful death suit is “ exclusively for the benefit of the decedent’s wife, husband, parent, child or dependent relative ”. She argues that Geraldine Fanning is none of these and that under section 118 of the Surrogate’s Court Act, letters should issue to a distributee, namely, herself, so that she might bring the action against the steamship line.
The applicable Federal statute provides that the action shall be maintained by the personal representative of the decedent (U. S. Code, tit. 46, § 761). Since it appears that the will of decedent is uncontested and that on its probate Geraldine Fanning would be entitled to letters of administration- c. t. a. as the sole residuary legatee (Surrogate’s Ct. Act, § 133, subd. 2) and would be the person authorized under the Federal statute to prosecute the action, the court will appoint her temporary administratrix under limited letters, upon qualifying according to law. Upon the will being admitted to probate, the temporary letters will be revoked and letters of administration c. t. a. will issue to Geraldine Fanning. Settle decree on notice.